# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| CORTNEY RICHMOND, ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | No. 2:19-cv-02641-SHL-dkv |
| ) | |
| SERVICEMASTER GLOBAL HOLDINGS, ) | |
| INC. and AMERICAN HOME SHIELD ) | |
| CORPORATION, ) | |
|    Defendants. ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTION TO DISMISS AND COMPEL ARBITRATION

Before the Court is the Report and Recommendation ("Report") of Chief Magistrate Judge Diane Vescovo, (ECF No. 10), recommending that the Motion to Dismiss and Compel Arbitration filed by Defendants ServiceMaster Global Holdings, Inc. and American Home Shield Corporation (ECF No. 8) be granted and that Plaintiff Cortney Richmond's Complaint be dismissed without prejudice. The Report's conclusion is based on the enforceability of the arbitration agreement entered into by the Parties. Plaintiff filed an objection to the Report on January 3, 2020, (ECF No. 13), to which Defendants did not respond. For the reasons outlined below, Chief Judge Vescovo's Report is **ADOPTED** and Defendants' Motion to Dismiss and Compel Arbitration is **GRANTED**.

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for dismissal of a complaint for failure to state a claim upon which relief may be granted. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). A district court

reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects. See Fed. R. Civ. P. 72(b). After reviewing the evidence, the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Plaintiff's objection requests a stay of litigation pending arbitration but fails to identify any factual or legal basis for his request. His objection in its entirety states, "I Cortney L. Richmond do hereby request on this 2nd day of January 2020, to respectfully ask the court to not dismiss the aforementioned case and to request a stay of proceedings pending arbitration." (ECF No. 13.) Such a general objection to a report and recommendation does not merit review under Federal Rule of Civil Procedure 72(b). See Slater v. Potter, 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."); Miller v. Currie, 50 F.3d 373, 380 (6th Cir.1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). Moreover, Plaintiff's objection is not well-taken because it was specifically addressed in the Report. (ECF No. 10 at PageID 106-07 (holding that the case should be dismissed, not stayed pending arbitration, because "all claims in this lawsuit are subject to arbitration").) Even reviewing that issue de novo, the Court concludes that all claims in this lawsuit are subject to arbitration and thus there is no reason to stay this case while arbitration proceeds.

The Court has reviewed the Report for clear error and finds none. Therefore, the Court **ADOPTS** Chief Magistrate Judge Vescovo's Report. Defendants' Motion to Dismiss and Compel Arbitration is **GRANTED** and Plaintiff's Complaint against Defendants is **DISMISSED WITHOUT PREJUDICE**.

3

**IT IS SO ORDERED,** this 18th day of May, 2020.

                                               s/ Sheryl H. Lipman
                                               SHERYL H. LIPMAN
                                               UNITED STATES DISTRICT JUDGE